FILED

2017 JAN 10 AM 11: 39

US DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

JASON MANES,

    Plaintiff,

v.                                                     Case No. 6:17-cv-40-ORL-37-GJK

GETTINGS PRODUCTIONS, INC.
doing business as STARKE LAKE STUDIOS,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, JASON MANES ("Plaintiff"), by and through his undersigned counsel and pursuant to Fed. R. Civ. P. 7 and 8, files this Complaint against Defendant, GETTINGS PRODUCTIONS, INC., doing business as STARKE LAKE STUDIOS ("Defendant"), and states as follows:

## NATURE OF THE ACTION

1. Plaintiff alleges he is entitled to an award of (i) unpaid minimum wages pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* (the "FLSA") and the Florida Minimum Wage Act, Fla. Stat. § 448.109, *et seq.* (the "FMWA"); (ii) unpaid overtime compensation pursuant to the FLSA; (iii) liquidated damages pursuant to the FLSA and the FMWA; and (iv) reasonable attorneys' fees and costs pursuant to the FLSA, the FMWA and Fla. Stat. § 448.08.

2. Specifically, Plaintiff was an employee of Defendant from approximately February 2, 2015 through July 29, 2016. During this period, Plaintiff worked one or more

1

workweeks without receiving at least the minimum wage proscribed by the FLSA and the FMWA. Likewise, Plaintiff worked more than 40 hours during one or more workweeks but did not receive one-and-one-half times his regular rate of pay for hours worked in excess of 40.

3. Defendant attempted to evade its obligations under the FLSA and FMWA by classifying Plaintiff first as an "unpaid intern" and later as an "independent contractor," notwithstanding that Plaintiff at all times was an "employee," as defined by the FLSA and the FMWA, of Defendant.

## JURISDICTION AND VENUE

4. Jurisdiction in this Court is proper pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because Plaintiff brings claims under the FLSA.

5. The Court has supplemental jurisdiction over the FMWA claims pursuant to 28 U.S.C. § 1367 because those claims are so related to Plaintiff's FLSA claims that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

7. During the period at issue (February 2, 2015 to July 29, 2016), Plaintiff was a resident of Orange County, Florida. Plaintiff is currently a resident of Broward County, Florida.

8. At all times material hereto, Plaintiff was a non-exempt employee of Defendant in Orange County, Florida.

9. Defendant operates a recording studio, Starke Lake Studios, in Orange County, Florida.

## COVERAGE

10. At all times material hereto, Defendant was, and continues to be, "an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA and the FMWA.

11. At all times material hereto, Defendant was, and continues to be, an enterprise whose annual gross volume of sales made or business done exceeds $500,000.

12. At all times material hereto, Defendant had two or more employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

13. At all times material hereto, Defendant was, and continues to be, an "employer" within the meaning of the FLSA and FMWA.

14. At all times material hereto, Plaintiff was an "employee" within the meaning of the FLSA and FMWA.

## STATEMENT OF FACTS

15. Beginning on or about February 2, 2015, Plaintiff began working for Defendant.

16. Plaintiff continued working for Defendant until approximately July 29, 2016.

## Plaintiff's Work as an "Unpaid Intern"

17. Defendant classified Plaintiff as an "unpaid intern" from February 2, 2015 through September 26, 2015.

18. Defendant did not, and does not, pay its interns, including Plaintiff.

19. Defendant requires its unpaid interns to perform tasks such as cleaning the studio, common areas, and outside areas; making coffee; and running various errands. *See* http://starkelake.studio/internship-in-orlando-music-recording-studio/ (visited Dec. 28, 2016).

20. During the internship period, Plaintiff was required to perform these and similar tasks, such as spreading mulch outside the studio.

21. Plaintiff's performance of these types of tasks was not the equivalent of training that would be similar to that which would be given in an educational environment.

22. The "internship" was not tied to any formal education program by integrated coursework or the receipt of academic credit.

23. The "internship" did not correspond to any academic calendar.

24. The internship's duration was not limited to the period in which the internship provided beneficial learning to Plaintiff, in that Plaintiff was required to perform menial tasks such as cleaning, making coffee and spreading mulch while being classified as an "unpaid intern."

25. Plaintiff's work displaced that of paid employees.

26. Defendant derived an immediate advantage from Plaintiff's activities.

27. Defendant promised, and continues to promise, a paid job, if available, to interns who successfully complete an internship that must last at least six months. Further, the only way to obtain a paid job as a studio staff member with Defendant is to provide at least six months of unpaid labor to Defendant. *See* http://starkelake.studio/internship-in-orlando-music-recording-studio/ (visited Dec. 28, 2016) ("If a staff position is available at Starke Lake Studios, then successful interns *will* be offered that position. *All* hiring for studio staff is done through the internship program at Starke Lake Studios.") (emphasis supplied).

28. Defendant's internships are not offered, nor required, for the purpose of aiding an intern in obtaining an academic degree or professional certification or licensure.

29. The primary beneficiary of Defendant's internship program was, and continues to be, Defendant and not the interns, including Plaintiff.

<u>Plaintiff's Work as an Alleged "Independent Contractor"</u>

30. From approximately September 27, 2015 through July 29, 2016, Defendant classified Plaintiff as an "independent contractor."

31. As an "independent contractor," Plaintiff rendered services to Defendant as an audio engineer.

32. During this period, Defendant exercised significant control over Plaintiff such that Plaintiff did not stand as a separate economic entity who was in business for himself.

33. Defendant controlled which projects Plaintiff could work on.

34. Defendant required Plaintiff to sign a Noncompete Agreement that prohibited Plaintiff from working for Defendant's competitors or soliciting business from Defendant's customers.

35. Defendant supervised and monitored the quality of Plaintiff's work throughout the period he worked as an "independent contractor."

36. Defendant did not permit Plaintiff to exercise discretion as to how the work was performed.

37. Plaintiff did not have the ability to hire and manage others to assist him with the work he performed for Defendant.

38. Defendant dictated the rates at which Plaintiff was paid.

39. Defendant at all times had the ability to terminate Plaintiff's employment at any time.

40. Plaintiff's opportunity for profit was dictated by the amount of work provided by Defendant.

41. Defendant's investment in the equipment and materials required for the tasks Plaintiff performed were far more substantial than Plaintiff's investment in equipment and materials.

42. Plaintiff nonetheless was required to purchase several hundred dollars of equipment and supplies, which Defendant converted to its own use and which were for the primary benefit of Defendant. These costs incurred by Plaintiff cut into the minimum wage and/or overtime compensation to which Plaintiff was entitled.

43. The services Plaintiff rendered were an integral part of Defendant's business.

44. Plaintiff was economically dependent on Defendant during this period, as Defendant was the only entity to which Plaintiff provided services, and the only entity to whom Plaintiff could provide services in light of the Noncompete Agreement, as an audio engineer.

45. During one or more workweeks during this period, Defendant failed to pay Plaintiff at least the minimum wage set forth in the FLSA and the FMWA.

46. During one or more workweeks during this period, Defendant failed to pay overtime compensation at the rate of one-and-one-half times Plaintiff's regular rate of pay for hours Defendant suffered or permitted Plaintiff to work in excess of 40 per workweek.

47. Defendant did not maintain accurate or adequate records of the hours Plaintiff worked.

## COUNT I – RECOVERY OF OVERTIME COMPENSATION (FLSA)

48. Plaintiff re-alleges and re-avers Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

49. During one or more workweeks between February 2, 2015 and July 29, 2016, Plaintiff worked in excess of 40 hours per week for Defendant.

50. During those workweeks, Defendant did not pay Plaintiff overtime compensation at a rate of at least one-and-one-half times Plaintiff's regular rate of pay as required by 29 U.S.C. § 207.

51. Plaintiff was, and is, entitled to be paid at the statutory rate of one-and-one-half times Plaintiff's regular rate of pay for hours worked in excess of 40 per workweek.

52. Defendant failed to maintain adequate and accurate records of the hours Plaintiff worked during one or more workweeks in which Plaintiff worked for Defendant.

53. As a result of Defendant's non-payment of overtime compensation to Plaintiff, Plaintiff has been damaged in that he has not received wages owed him under the FLSA.

54. Plaintiff is entitled under the FLSA to recover all overtime compensation he should have received, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

## COUNT II – RECOVERY OF MINIMUM WAGE (FLSA)

55. Plaintiff re-alleges and re-avers Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

56. During one or more workweeks between February 2, 2015 and July 29, 2016, Defendant did not pay at least minimum wage to Plaintiff as required by 29 U.S.C. § 206.

57. Plaintiff was, and is, entitled to be paid at the statutory minimum wage rate for all hours worked during each workweek.

58. Defendant failed to maintain adequate and accurate records of the hours Plaintiff worked during one or more workweeks in which Plaintiff worked for Defendant.

59. As a result of Defendant's non-payment of statutory minimum wage to Plaintiff, Plaintiff has been damaged in that he has not received wages owed him under the FLSA.

60. Plaintiff is entitled under the FLSA to recover all minimum wages he should have received, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

## COUNT III – RECOVERY OF MINIMUM WAGE (FMWA)

61. Plaintiff re-alleges and re-avers Paragraphs 1 through 46 of the Complaint as if set forth fully herein.

62. During one or more workweeks between February 2, 2015 and July 29, 2016, Defendant did not pay at least minimum wage to Plaintiff as required by Fla. Stat. § 448.110.

63. Plaintiff was, and is, entitled to be paid at the statutory minimum wage rate for all hours worked during each workweek.

64. Defendant failed to maintain adequate and accurate records of the hours Plaintiff worked during one or more workweeks in which Plaintiff worked for Defendant.

65. As a result of Defendant's non-payment of statutory minimum wage to Plaintiff, Plaintiff has been damaged in that he has not received wages owed him under the FMWA.

66. In accordance with Fla. Stat. § 448.110(6), Plaintiff notified Defendant of Plaintiff's intent to bring a claim under the FMWA, demanded payment of all minimum wages to which he is entitled under the FMWA, and afforded Defendant 15 calendar days

in which to tender the unpaid wages or otherwise resolve Plaintiff's claim under the FMWA.

67. Defendant has refused and/or failed to tender the unpaid wages or otherwise resolve the claim.

68. All conditions precedent to Plaintiff's filing of his claim under the FMWA have been satisfied.

69. Plaintiff is entitled under the FMWA to recover all minimum wages he should have received, an equal amount as liquidated damages, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that this Honorable Court grant the following relief:

a. An award of unpaid minimum wages and overtime compensation due Plaintiff under the FLSA;

b. An award of liquidated damages in an amount equal to the minimum wages and overtime compensation due Plaintiff under the FLSA;

c. An award of unpaid minimum wages due Plaintiff under the FMWA;

d. An award of liquidated damages in an amount equal to the minimum wages due Plaintiff under the FMWA;

e. An award of pre-judgment and post-judgment interest;

f. An award of costs and expenses of this action together with reasonable attorneys' fees pursuant to 29 U.S.C. § 216(b), Fla. Stat. 448.110(6)(c)(1), and/or Fla. Stat. § 448.08; and

g. Such other and further relief as the Court deems appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury on all questions of fact raised by the Complaint.

Respectfully submitted this 10th day of January, 2017.

*/s/ Keith L. Hammond*

Keith L. Hammond
Florida Bar No. 164798
Law Office of KEITH L. HAMMOND, P.A.
618 E. South Street, Suite 500
Orlando, Florida 32801
Telephone: (407) 992-6142
Facsimile: (800) 886-2205
Email: Keith@HammondLawCenter.com